**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **BARON K. ADAMS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DELAWARE COUNTY, et al.** | : | **NO.  08-2866** |


## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                              DECEMBER 16, 2008
UNITED STATES MAGISTRATE JUDGE


Before the Court is a Petition for Writ of Habeas Corpus filed by Baron K. Adams.  At the time he filed his petition, petitioner was in custody at the Delaware County Prison ("DCP") in Thornton, Pennsylvania.  For the reasons which follow, Adams' habeas petition should be dismissed.


### PROCEDURAL HISTORY

The state court docket reflects that Adams pleaded guilty on February 21, 2006 in the Court of Common Pleas of Delaware County to Retail Theft, a Misdemeanor of the First Degree. See Common Pleas Ct. Docket No. CP-23-CR-7999-2005 (hereinafter cited as "Common Pleas Ct. Dckt.") at 3.  He was sentenced to a minimum of five (5) days and a maximum of twenty-three (23) months in confinement.  Id.

In the Response to the habeas petition, the District Attorney of Delaware County ("respondent") represents that, after being released on parole and arrested again, on October 17, 2006 Adams was found in violation of parole.  See Resp. to Hab. Pet. ¶ 2.  He was sentenced to

his full back-time of 690 days, was given credit for 144 days served, and was released.  See

Certificate of Imposition of J. of Sent. dated 10/17/06.  Therefore, as respondent points out, see

Resp. to Hab. Pet. ¶ 2, at the time he was re-released petitioner had 546 days remaining on his

parole, with his maximum sentence expiring in April 2008.

On March 7, 2008, the Court of Common Pleas of Delaware County issued a bench

warrant for Adams based on an alleged violation of parole.  See Bench Warrant/Detainer dated

3/7/08.  In particular, Adams had allegedly been charged in Philadelphia County with Possession

With Intent to Deliver a Controlled Substance on March 2, 2008.  See Request for Bench

Warrant dated 3/6/08, at 2.  Petitioner was arrested on the Delaware County warrant and confined

at Delaware County Prison on March 12, 2008.  See id.; DCP Admission Summary Sheet.

Following a hearing in the Common Pleas Court, on March 27, 2008 petitioner was ordered to be

held for another hearing upon the disposition of the Philadelphia charges.  See Common Pleas

Ct. Dckt. at 8.

The state court docket reflects that on March 25, 2008, Adams filed in the Delaware

County Court of Common Pleas a Petition to Remove Detainer.  See Common Pleas Ct. Dckt. at

8.  By Order filed August 15, 2008, that petition was denied.  Id.

On August 5, 2008, Adams filed in the Common Pleas Court a Motion to Rescind Bench

Warrant.  Id.  On November 24, 2008, Adams' Parole Officer filed a Request to Rescind Bench

Warrant based on the fact that the Philadelphia charges against Adams were nolle prossed that

day.  See Request to Rescind Bench Warrant dated 11/24/08.  On the same date, the Bench

Warrant was rescinded by the Common Pleas Court, see Order Sur Bench Warrant/Detainer

dated 11/24/08; Common Pleas Ct. Dckt. at 8, and Adams was released from the Delaware

2

County Prison, <u>see</u> DCP Admission Summary Sheet.[1]

On June 19, 2008, prior to his release, the Clerk of Court received Adams' federal habeas petition which challenges his detention at the Delaware County Prison on the grounds that, among other things, his sentence expired in April of 2008.  <u>See</u> Hab. Pet. (Doc. 1) at 1-4.  Adams also complains about the conditions of his confinement at the Delaware County Prison, including being placed in isolation and being injured by the abuse of a correctional officer.  <u>Id.</u> at 1-2.  In opposition to the habeas petition, respondent argues that the habeas petition is moot in that "the parole revocation proceeding is complete and petitioner's sentence has expired."  <u>See</u> Resp. to Hab. Pet. at 4.


### DISCUSSION

"[T]he exercise of judicial power depends upon the existence of a case or controversy." <u>Chong v. District Dir., INS</u>, 264 F.3d 378, 383 (3d Cir. 2001) (citing <u>DeFunis v. Odegaard</u>, 416 U.S. 312, 316 (1974)); <u>Wilson v. Reilly</u>, 163 Fed. Appx. 122, 125 (3d Cir. 2006) (quoting <u>Chong</u>, 264 F.3d at 383).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Wilson</u>, 163 Fed. Appx. at 125 (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969)).  A court's ability to grant effective relief lies at the heart of the mootness doctrine.  <u>County of Morris v. Nationalist Mvmt.</u>, 273 F.3d 527, 533 (3d Cir. 2001); <u>Wilson</u>, 163 Fed. Appx. at 125 (citing <u>Nationalist Mvmt.</u>, 273 F.3d at 533); <u>see</u> <u>Short v. U.S. Parole Comm'n</u>, 2006 WL 2520351, at *1 (E.D. Pa. Aug. 29, 2006).

---

[1]On Dec. 2, 2008, this Court received notice from Adams of his "change of address" (Doc. 12).

Thus, "[i]f developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."  Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); Wilson, 163 Fed. Appx. at 125 (quoting Blanciak, 77 F.3d at 698-99); Short, 2006 WL 2520351, at *1; see Perry v. Pennsylvania, 2008 WL 2682584, at *1 (W.D. Pa. July 1, 2008) ("Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

Here, the habeas petition challenges Adams' confinement at the Delaware County Prison, where he had been detained at the time of the filing of the petition.  However, petitioner was recently released from the Delaware County Prison, and it further appears that his sentence has expired.  Indeed, petitioner has confirmed that he is no longer confined at the prison, see supra note 1, and he appears to acknowledge that his sentence is expired, see Hab. Pet. at 1 (complaining about being disciplined "for speaking out against being in prison on a sentence that ended").  Accordingly, since Adams has been released, no live controversy cognizable in a habeas petition remains, and the habeas claims should be dismissed as moot.  See Perry, 2008 WL 2682584, at *1-2 ("In the present action, Petitioner has been released from the custody of the Respondent.  In these circumstances, no live controversy remains and the present action has become moot."); see also Razzoli v. FCI Allenwood, 200 Fed. Appx. 166, 169 (3d Cir. 2006) (citing Lane v. Williams, 455 U.S. 624, 633 (1982)) (affirming district court's order dismissing habeas claims as moot since petitioner had been released from confinement "thereby obtaining the relief that he sought through habeas"); Engel v. Gillis, 2005 WL 139085, at *3 (E.D. Pa. Jan. 21, 2005), adopted, No. 04-4400, Order (E.D. Pa. filed Feb. 25, 2005) (petition dismissed as

moot where petitioner sought grant of parole and was granted such parole while petition was

pending); see also Short, 2006 WL 2520351, at *1-2 (same).[2]

A certificate of appealability ("COA") should not issue because, for the reasons set forth

above and in light of the aforementioned authority, a reasonable jurist could not conclude that the

Court would be incorrect in dismissing the petition.  See Slack v. McDaniel, 529 U.S. 473, 484

(2000) (explaining standard for grant of a COA where court denies a habeas petition on

procedural grounds without reaching the underlying constitutional claims); see also Miller-El v.

---

[2]In addition to challenging the fact of his confinement, Adams also complains about the conditions of his confinement while he was detained at the Delaware County Prison, and he appears to wish to amend his habeas petition with claims under 42 U.S.C. § 1983.  "It is well settled that relief requested through a writ of habeas corpus is limited," see Boozer v. Chamberlain, 2008 WL 5114265, at *1 (W.D. Pa. Nov. 25, 2008) (citing Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002)), and a Writ of Habeas Corpus "traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement," see Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 486 (1973)); see also Preiser, 411 U.S. at 490 ("habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement"); Razzoli, 200 Fed. Appx. at 169 ("The function of habeas corpus is to provide release from illegal custody.").  Conversely, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."  Leamer, 288 F.3d at 542; see Preiser, 411 U.S. at 499 (claims relating to "the States' alleged unconstitutional treatment of [prisoners] while in confinement" are more appropriately presented pursuant to § 1983); Bronson v. Demming, 56 Fed. Appx. 551, 553 (3d Cir. 2002) (citing Leamer and Preiser); Boozer, 2008 WL 5114265, at *1-2 (citing Leamer, 288 F.3d at 542).  Accordingly, all of Adams' cognizable habeas claims are moot, and all other requests for relief should be dismissed without prejudice to his bringing a properly filed § 1983 action.  See, e.g., Bronson, 56 Fed. Appx. at 553 (where habeas relief was no longer available, the Third Circuit rejected the petitioner's request to remand the habeas case to the district court to be treated as a complaint filed under § 1983, and instead, the case was "dismiss[ed] without prejudice to any right he may have to assert his claims in a properly filed civil rights complaint"); Galloway v. BOP, 2008 WL 4691940, at *2 (D. N.J. Oct. 22, 2008) (dismissing habeas petitioner's claims not challenging the fact or duration of his confinement without prejudice to his right to file a civil rights action and explaining differences in filing requirements of habeas and civil rights actions); Brown v. Palakovich, 2008 WL 3875381, at *2 (E.D. Pa. Aug. 13, 2008) (dismissing habeas petitioner's civil rights claims without prejudice to his right to file an action under § 1983).

<u>Cockrell,</u> 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

My Recommendation follows.

## RECOMMENDATION

**AND NOW,** this 16th day of December, 2008, upon consideration of the Petition for Writ of Habeas Corpus and the Response thereto, it is **RECOMMENDED** that the habeas petition be **DISMISSED** as moot, without prejudice to petitioner's right to bring a properly filed civil rights action, and that a certificate of appealability should not issue.[3]

_____
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

_____

[3]Petitioner is advised that he may file objections to this Report and Recommendation. See Local R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.